(C.D. 3551)

JAPAN FOOD CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 10, 1968)

*Glad & Tuttle* (*Edward N. Glad* and *Robert Glenn White* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Owen J. Rader*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The subject of these three protests consolidated at trial consists of merchandise described on the invoices as "Instant Ramen (Sokuseki Ramen) N. S. S. Brand". This merchandise was imported from Japan in May, 1962 and January and April, 1963. It was classified as edible preparations for human consumption, not specially provided for under paragraph 1558 and assessed with duty at 20 per centum ad valorem. Plaintiff claims the merchandise is properly classifiable as alimentary paste under paragraph 725 and dutiable at the rate of 1½ cents per pound.

At the trial plaintiff called one witness, Susumu Kazahaya, and introduced one exhibit, a sample of the Instant Ramen N.S.S. brand.

Mr. Kazahaya, a vice president of Japan Food Corp., the plaintiff in the case at bar, testified that exhibit 1 was identical to the merchandise in the entries at bar, although he could not swear which of these entries this particular sample came from. Mr. Kazahaya was in charge of purchasing and examined the merchandise on arrival. At trial it was stipulated that plaintiff's exhibit 1 in the instant case before the court has the same ingredients as plaintiff's exhibit 2 in protest 63/17439 (R.9).

Plaintiff incorporated the record in *Fujii Junichi Shoten, Ltd., et al.* v. *United States*, 54 Cust. Ct. 277, C.D. 2544, protests 63/17439, etc., and was relieved from filing a brief. The *Fujii* case involved two different brands of Ramen which had been classified as nonenumerated edible preparations for human consumption under paragraph 1558 and were claimed classifiable as alimentary pastes under paragraph 725. This court, in *Fujii, supra*, reviewed the dimensions of the word "similar" when used as a test of classification in *Plant Products Corporation* v. *United States*, 44 CCPA 183, C.A.D. 658. After reviewing the Summaries of Tariff Information, 1948, the court held in *Fujii* that "Ramen is an alimentary paste, like those *eo nomine* listed in modified paragraph 725 in a sufficient degree to constitute tariff similiarity."

After trial, defendant, pursuant to Customs Court Rule 33, requested leave of the court not to file a brief. Said request was granted. Defendant, in said request, conceded that the subject merchandise is similar in all material respects to the merchandise which was the sub-

ject of *Fujii, supra,* and further conceded the merchandise is properly classifiable under paragraph 725 at 1½ cents per pound, as claimed by the plaintiff.

Accordingly, the protests are sustained.

Judgment will be entered accordingly.